WILLIAM C. PRICE, Appellant, v. JOHN H. MURPHY, Respondent.

St. Louis Court of Appeals, February 4, 1890.

Bills and Notes: REFUSAL OF HOLDER TO SURRENDER NOTE AFTER ITS SATISFACTION. The fact that the holder of a note refuses to cancel and surrender it, after he has received its amount from the maker for the purpose of satisfying it, confers upon the maker no cause of action at law for damages.

*Appeal from the Greene Circuit Court.*—HON. W. D. HUBBARD, Judge.

AFFIRMED.

*B. B. Price* and *W. C. Price*, for the appellant.

There is nothing in this case to show that the assignment of the fee was a conditional payment, or a payment in any sense, but on the contrary it was in the nature of a collateral security till collected and applied by defendant under the terms of the contract between plaintiff and defendant. *Appleton v. Kinnon*, 19 Mo. 637; *Howard v. Brannock*, 33 Mo. 583; *Holmes v. Lykins*, 50 Mo. 399; *Leabo v. Goode*, 67 Mo. 126; *Miles v. Robinson*, 80 Mo. 47; *Commiskey v. McPike*, 20 Mo. App. 82; *Bertiaux v. Dillon*, 20 Mo. App. 603; *Watson v. Waller*, 23 Mo. App. 263; *Bank v. Petterman*, 21 Mo. App. 512. And even if the contract alleged had been a conditional payment, as respondent refused to deliver up the notes to plaintiff, or otherwise account for them on demand before a suit was brought, he impliedly admitted by such act that they were not paid, and is estopped from relying on his own wrong. *Gnel v. Railroad*, 82 Mo. 653; *Holmes v. Lykins, supra*.

*D. C. Dade* and *Thrasher, White & McCammon*, for the respondent.

In this case, it is alleged that a judgment was assigned to the defendant to be collected in payment of the notes. When the money was collected on the judgment, that *ipso facto* was payment, and the notes became extinguished. This would have been true in the absence of any agreement. But, to make it all the stronger, it is alleged that it was agreed that this should be payment. 2 Dan. Neg. Inst. [3 Ed.] sec. 1259; Jones on Pledges, sec. 551; *Geffeken v. Slingerland*, 1 Bosw. 449.

ROMBAUER, P. J., delivered the opinion of the court.

The plaintiff filed a statement before a justice of the peace in words and figures as follows :

"Wm. C. Price, Plaintiff,     ⎫
       *vs.*             ⎬
"John H. Murphy, Defendant. ⎭

"Wm. C. Price, the plaintiff, states that on or about the —— day of February, 1883, plaintiff was indebted to the defendant John H. Murphy in the sum. of one hundred dollars, principal due some short time previous thereto, evidenced by two promissory notes of fifty dollars each, one with. Henry Westmoreland and Lundy Mack as securities, and the other with B. B. Price and J. H. Boyd as security.

"That on said day plaintiff had a fee for the sum of one hundred and fifty dollars adjudged to him by the circuit court of Greene county in the case of Harriet Greenlee *et al. v.* William P. Davis, in partition in said court.

"That on said —— day of February, 1883, it was agreed by and between plaintiff and defendant that plaintiff would assign to defendant said fee to be held as collateral security so far as would at the collection of said fee be necessary to satisfy said notes and interest, said defendant at the time of said assignment paying plaintiff the remainder of said fee in cash less the discount on the remainder after deducting the sum necessary to discharge said notes and accrued interest at the October, 1883, term of said court, the time the money would be had in payment of said fee.

"That said plaintiff did then assign said fee to defendant in pursuance of said agreement; said defendant then paying to plaintiff the balance in cash less said notes and interest and discount to the October term, 1883, of said court, to-wit: About the sum of forty-one (41) dollars to the best of plaintiff's present recollection, defendant then and there agreeing to apply the money when received on said fee to the satisfaction of said notes and accrued interest. Plaintiff further states that on or about the —— day of April, 1883,

plaintiff substituted by consent of defendant the note of himself and B. B. Price for the note before that time existing, given by himself, plaintiff with said B. B. Price and S. H. Boyd as securities, which said last note stood in place of said first note given by plaintiff Price and Boyd.

"That thereafter, to-wit: On the —— day of October, 1883, said defendant received said one hundred and fifty dollars on said fee so assigned, but wrongfully failed and refused to apply said one hundred and nine dollars, so agreed to be applied, in payment and satisfaction of said notes and interest, by reason whereof said notes remained unsatisfied and in force at ten per cent. interest and yet in the possession of the defendant who fails and refuses to surrender the same or otherwise cancel them to the damage of plaintiff of one hundred and fifty dollars for which he asks judgment."

The plaintiff recovered judgment both before the justice and in the circuit court, where the cause was tried on appeal, for the sum of one hundred and fifty dollars. The defendant filed a motion in arrest of judgment, which the circuit court sustained, and the plaintiff, appealing, assigns for error the action of the court in sustaining the motion in arrest.

The record discloses the fact that, at every stage of the case, the defendant strenuously insisted that the proceeding be dismissed, because the statement filed before the justice of the peace disclosed no cause of action, and certainly none of which a justice of the peace had any jurisdiction, but that all these objections were unavailing, until the defendant filed his motion in arrest of judgment which the court sustained.

We cannot conceive on what conception of the law this action was brought. If every allegation made in the plaintiff's statement is true, it furnishes no ground for any recovery in any form of action. It does not appear that the notes were negotiable,—or that the

defendant had transferred them to an innocent holder; on the contrary, it affirmatively appears that they are overdue, and that, if they ever should be sued either by the defendant or his transferee, the plaintiff has his complete defense at law. Even a statement filed before a justice of the peace must state *some* cause of action. That the defendant has failed to apply money received on a certain debt toward the payment of the debt, is immaterial, since, in the absence of any application by the parties, the law makes the application. It cannot be maintained that, if A pays to B a certain sum of money to which B is clearly entitled, with directions to apply it towards the payment of a debt from A to B, and B fails so to apply it, A can at once recover the money back. As in the case stated, the law makes the application, A is not damaged. Whether replevin can be maintained by the maker against the holder for a note which the maker has paid to the holder, or whether the plaintiff is entitled to have the notes cancelled by proceedings in equity, is an immaterial inquiry, since the present action does not purport to be of that character.

All the judges concurring, the judgment is affirmed.